NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3568

| | |
|---|---|
| THOMAS WILLIAM SMITH, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-1335 |
| RICHARD S. BIRKEY, et al., *Defendants-Appellees.* | Harold A. Baker, *Judge.* |

**O R D E R**

Thomas Smith, an Illinois inmate, appeals the grant of summary judgment for the prison administrators in his suit under 42 U.S.C. § 1983, claiming a due process violation in a disciplinary proceeding that led to him being sanctioned to segregation and a demotion in status. We affirm the judgment.

---

[*]Appellant Smith filed a motion for oral argument. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record, *see* FED. R. APP. P. 34(a)(2)(C), and the motion is denied. Appellant Smith also filed a motion for the court to hear the case *en banc*, *see* FED. R. APP. P. 35(a), but we also deny that motion.

The following facts are undisputed. While incarcerated at the Illinois River Correctional Center, Smith was written a disciplinary report charging him with intimidation and threats. After a hearing, the prison's adjustment committee found Smith guilty of a reduced charge—refusing housing. The committee punished him with 10 days' segregation and 30 days' demotion from grade-A to grade-C status. Smith filed a grievance that was denied. The prison's administrative review board, however, concluded that the written report did not support the charge that Smith refused his cell placement and expunged the violation from Smith's record.

Smith sued seven prison officials, claiming that they violated his right to due process by issuing him a false disciplinary report and finding him guilty of the reduced charge without notice. The district court allowed the parties to proceed to discovery and later granted summary judgment for the defendants. The court reasoned that Smith had no protected liberty interest in preventing segregation or maintaining grade-A status and thus the state did not offend federal due process.

On appeal Smith reiterates his due process arguments, but he makes no compelling argument that the state interfered with a protected liberty interest. Liberty interests arise only from jail policies that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 221–23 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A demotion to grade-C status for an Illinois prisoner—which means that the prisoner loses commissary and telephone privileges—does not implicate a liberty interest. *Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997). And segregation does not implicate a liberty interest unless the length of confinement is substantial and the "record reveals that the conditions of the confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009). Smith, who as the plaintiff has the burden of production, *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011), offers no evidence that the conditions of his 10 days in segregation were unusually harsh, so summary judgment was appropriate.

**AFFIRMED**.